UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA
FOURTH DIVISION

------------------------------------------------------------
In re:

*Molly M. Gallagher,*

Debtor.

------------------------------------------------------------

BKY 13-45222

Chapter 13 Case

Amended
**NOTICE OF HEARING AND MOTION OBJECTING TO CONFIRMATION OF CHAPTER 13 PLAN AND MOTION TO DISMISS**

TO:  All parties in interest pursuant to Local Rule 9013-3:

1. Gregory A. Burrell, chapter 13 trustee, moves the court for the relief requested below and gives notice of hearing.

2. The court will hold a hearing on this motion at 10:30 a.m. on February 6, 2014 in Courtroom 7 West, United States Courthouse, 300 South 4th Street, Minneapolis, Minnesota.

3. Any response to this motion must be filed and served not later than February 5, 2015, which is 24 hours (1 business day) before the time set for the hearing, or filed and served by mail not later than February 3, 2014, 2hich is three (3) days before the time set for the hearing.  UNLESS A RESPONSE OPPOSING THE MOTION IS TIMELY FILED, THE COURT MAY GRANT THE MOTION WITHOUT A HEARING.

4. This court has jurisdiction over this motion pursuant to 28 U.S.C. §§ 157 and 1334, Bankruptcy Rule 5005 and Local Rule 1070-1.  This proceeding is a core proceeding.  The petition commencing this chapter 13 case was filed on October 28, 2013.  The case is now pending in this court.

5. This motion arises under 11 U.S.C. § 1322 and 1325 and Bankruptcy Rule 3015.  This motion is filed under Bankruptcy Rule 9014 and Local Rules 3015-3, 9006-1, 9013-1 through 9013-5, and such other Local Rules as may apply.  The trustee requests relief with respect to denial of confirmation of the debtors' chapter 13 plan.

6. The plan provides that the debtors will pay the trustee $126 per month for 41 months followed by payments of $319 per month for 19 months, for a total of $11,227.

7. After payment of the trustee's percentage fee (estimated at 10%), the

balance of the plan funds, estimated at $10,104.30, is to be paid to the debtor's unsecured creditors whose claims are estimated at $34,904.08.

8.  The debtor's income appears to be significantly understated on Schedule I, which states that the debtor has monthly gross income from her full-time job of $6,866.17 and estimated monthly overtime of $650.00 per month. According to her paystub dated October 18, 2013, on file herein as docket number 4, she received a raise increasing her base salary from $3,169.23[1] to $3,346.15 biweekly, which equates with a base salary of $7,249.99 per month.[2] Therefore, the debtor's base salary appears to be understated by $383.82 per month. According to the debtor's testimony at the 341 meeting of creditors, the $650 of estimated monthly overtime represents the debtor's quarterly and annual bonuses and is lower than what she has historically received because of new ownership at the company where she works;[3] the trustee does not contest the lower amount for bonuses. The trustee also does not dispute the amount of the debtor's part-time income from a second job listed on line 13 of Schedule I. Because the debtor's base salary is understated, the trustee objects that the debtor is not devoting all of her projected disposable income during the 60-month applicable commitment period to the plan, as required by 11 U.S.C. 1325(b)(1)(B).

9.  This motion incorporates by reference the debtors' schedules and statements on file herein.

10.  If necessary, the debtors, the administrators of the 401k plans, a representative of any creditor identified herein, or an employee of the trustee may be called to testify as to the matters alleged in this motion.

WHEREFORE, the trustee requests an order denying confirmation of the debtors' chapter 13 plan and such other, further and different relief as to the court appears just, equitable and in accordance with statute.

Gregory A. Burrell, Trustee

Dated: January 27, 2014         By:    /e/ Karl J. Johnson
                                        Karl J. Johnson, ID # 391211
                                        Margaret H. Culp, ID # 180609
                                        Counsel for Chapter 13 Trustee
                                        310 Plymouth Building
                                        12 South 6th Street
                                        Minneapolis, MN  55402-1521
                                        (612) 338-7591

---

[1] ($3,169.23*26)/12=$6,866.67, which is consistent with the base salary listed on Schedule I.

[2] ($3,346.15*26)/12=$7,249.99.

[3] The debtor's October 18, 2013 paystub lists a year-to-date "Incentive Bonus" of $2,637.40, YTD "Qtrly Bonus" of $1,792.50, and a YTD "Yearend Bonus of $6,884.00," for total bonuses year-to-date of $11,313.90, or $1,178.53 per month through October 18, 2013.

## VERIFICATION

I, Karl J. Johnson, employed by Gregory A. Burrell, chapter 13 trustee, the movant named in the foregoing notice of hearing and motion, declare under penalty of perjury that the foregoing is true and correct according to the best of my knowledge, information and belief.

Executed: January 27, 2014                             /e/ Karl J. Johnson

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA
FOURTH DIVISION

------------------------------------------------------------
In re:

*Molly M. Gallagher,*

Debtor.
------------------------------------------------------------

BKY 13-45222

Chapter 13 Case

Amended
**MEMORANDUM IN SUPPORT OF OBJECTION TO CONFIRMATION**

FACTS

The facts supporting the trustee's objection are summarized in the accompanying motion and will not be repeated here. The trustee also relies upon the debtors' verified schedules and statements, and on the proofs of claim on file in this case.

LEGAL DISCUSSION

11 U.S.C. § 1325(b)(1) states:

If the trustee or the holder of an allowed unsecured claim objects to the confirmation of the plan, then the court may not approve the plan unless, as of the effective date of the plan –
- (A) the value of the property to be distributed under the plan on account of such claim is not less than the amount of such claim; or
- (B) the plan provides that all of the debtor's projected disposable income to be received in the applicable commitment period beginning on the date that the first payment is due under the plan will be applied to make payments to unsecured creditors under the plan. *11 U.S.C. § 1325(b)(1).*

"Disposable income" is defined in 11 U.S.C. § 1325(b)(2), in relevant part, as:

[C]urrent monthly income received by the debtor (other than child support payments, foster care payments, or disability payments for a dependent child made in accordance with applicable nonbankruptcy law to the extent reasonably necessary to be expended for such child) less amounts reasonably necessary to be expended –
(A)(i)  for the maintenance or support of the debtor or a dependent of the debtor, or for a domestic support obligation, that first becomes payable after the date the petition is filed;  . . . *11 U.S.C. 1325(b)(2).*

"Amounts reasonably necessary to be expended" for the maintenance or support of the debtor and the debtor's dependents under 11 U.S.C. § 1325(b)(2) "shall be determined in accordance with subparagraphs (A) and (B) of sections 707(b)(2)," if the debtor's "current monthly income" multiplied by 12 exceeds the median family income for the debtor's family size. *11 U.S.C. § 1325(b)(3).* Here, according to the Form 22C on file, the debtors' annualized current monthly income exceeds the median family income for a comparable-sized family, therefore the debtors' "applicable commitment period" is 5 years. *11 U.S.C. § 1325(b)(4)(A)(ii)(III).*

In the case of *Hamilton v. Lanning,* -- U.S. --, 130 S.Ct. 2464 (2010), the United States Supreme Court rejected the so-called "mechanical test" for determining "projected disposable income" for purposes of 11 U.S.C. § 1325(b)(1)(B), endorsing instead the "forward-looking approach" *130 S.Ct. at 2469.* The court stated: "[A] court taking the forward-looking approach should begin by calculating disposable income, and in most cases, nothing more is required. It is only in unusual cases that a court may go further and take into account other known or virtually certain information about the debtor's future income or expenses." *Id. at 2475 (footnote omitted).*

In this case, whether the "known or virtually certain information about the debtors' future income or expenses" is found in Schedules I and J, or simply by application of the means test, the plan fails the "best efforts" test under either scenario.

The means test, shows disposable income of $683.55/mo., which translates into total payments to unsecured creditors of $41,013. Under the Schedule I and J analysis, the debtor has additional disposable income available after considering the pay raise that was effective as of her paycheck dated October 18, 2013. This is consistent with the holding in *Lanning*, to the effect that in determining projected disposable income the court should take into account "known or virtually certain information about the debtor's future income or expenses," including a payraise that was effective before the petition was filed on October 18, 2013.

## CONCLUSION

For the reasons stated herein, the trustee respectfully requests that confirmation of the debtors' proposed chapter 13 plan be denied.

Respectfully submitted:

Dated: January 27, 2014

/e/ Karl J. Johnson
Karl J. Johnson, ID # 391211
Margaret H. Culp, ID # 180609
Counsel for Chapter 13 Trustee
310 Plymouth Building
12 South 6th Street
Minneapolis, MN 55402-1521
(612) 338-7591

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA
FOURTH DIVISION

------------------------------------------------------------
In re:

*Molly M. Gallagher,*

Debtor.
------------------------------------------------------------

BKY 13-45222

Chapter 13 Case

Amended
**ORDER DENYING CONFIRMATION OF CHAPTER 13 PLAN AND DISMISSING CASE**

This case is before the court on the trustee's objection to confirmation of the debtors' chapter 13 plan.

Based on the motion and the file,

IT IS ORDERED:

Confirmation of the debtors chapter 13 plan is denied.


Dated:

_____
Michael E. Ridgway
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA
FOURTH DIVISION

-----------------------------------------------------------
In re:

*Molly M. Gallagher,*

Debtor.

-----------------------------------------------------------

BKY 13-45222

Chapter 13 Case

**Amended**
**UNSWORN DECLARATION FOR PROOF OF SERVICE**

I, Karl J. Johnson, employed by Gregory A. Burrell, chapter 13 trustee, declare that on January 27, 2014, I served Amended Notice of Hearing and Motion Objecting to Confirmation of Chapter 13 Plan and for Dismissal of Case, Memorandum of Facts and Law, and proposed Order on all filing users and others who have consented to electronic service in this case, by electronic mail, as disclosed on the notice of electronic filing herein, and on the individual(s) listed below, in the manner described:

**By first class U.S. mail, postage prepaid:**
Molly M. Gallagher
720 North Fourth Street, #304
Minneapolis, MN 55401

Shapiro & Zielke, LLP
12550 West Frontage Road, Ste. 200
Burnsville, MN 55337

And I declare, under penalty of perjury, that the foregoing is true and correct.

Executed: January 27, 2014          /e/ Karl J. Johnson