UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

_____

In re:

MOLLY M GALLAGHER,　　　　　　　　　　　　　　BKY. No. 13-45222
　　　　　　　　　　　　　　　　　　　　　　　　Chapter 13
　　　　　Debtor.

---------------------------------------------------

　　　　Debtor, as and for her Response to the trustee's objection, provides as follows:

1　　　She has read the trustee's objection.  She is unable to tell precisely what she is accused of doing.

2　　　Debtor works for a company that is in the process of merging with another company, and they are revising everyone's salaries.  Debtor has been told that her income is "too high" for the new company, and so they are revising her bonus package.  The have not provided her anything in writing about what the changes will be.

3　　　For now, she presumes that she will continue to receive a $300.00 bonus check monthly.

4　　　Her annual bonuses are being cut out, and instead she was given a 2% lump sum pay raise right before she filed her case.  That lump sum pay raise would skew her 6 month "look back" means test.  For now, she is presuming that she will get that same amount each year, and she has annualized for it.

5　　　Because of the provisions in the Affordable Care Act, debtor has had to change her Health Savings Account.  She previously withheld $5000.00 a year in an HSA, and she has now been limited to $2500.00 a year.

6　　　At the time debtor filed her case, she was working part time.  She has not worked at that job since October, 2013.  She is physically unable to work there.  She no longer has those wages.

7    Debtor suffers from disabling migraines at least five times a week. She is frequently hospitalized for the migraines. For example, she was off work in December while she was hospitalized for two spinal surgeries that the doctors hoped would reduce her migraines. She will be hospitalized again in February for two weeks.

8    When her migraines attack, she is blinded by pain. She is forced to work out of her home, in a dark and quiet environment. She can't drive. Any sound overwhelms her. She is resisting going out on disability, but it is looking like her only option.

8    Her medical expenses, even with health insurance, are catastrophic. Many of her therapies are deemed "experimental" or unorthodox, and she pays out of pocket. She now has less HSA to help her defray her costs.

9    Debtor had dropped out of her 401K plan last year while she was very ill, and had hoped to get back in. she has been unable to do so. She has eliminated her 401k deduction.

10   Debtor has now modified her Schedule I and Schedule J to show her new circumstances. She has attached her current paystub. Her means test tells nothing about who she is, or what her current financial situation is. She has disclosed all of her income and all of her expenses, and the trustee is simply in error objecting to her case.

Date:  1/31/2014            /e/ Barbara J. May
                            Barbara J. May
                            2780 N. Snelling #102
                            Roseville, MN  55113
                            651-486-8887
                            Attorney ID 129689

B6I (Official Form 6I) (12/07)

In re **MOLLY M GALLAGHER**  Case No. **13-45222**
(if known)

## AMENDED 1/31/2014
## SCHEDULE I - CURRENT INCOME OF INDIVIDUAL DEBTOR(S)

The column labeled "Spouse" must be completed in all cases filed by joint debtors and by every married debtor, whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. Do not state the name of any minor child. The average monthly income calculated on this form may differ from the current monthly income calculated on Form 22A, 22B, or 22C.

| Debtor's Marital Status: | Dependents of Debtor and Spouse | | | |
|---|---|---|---|---|
| **Single** | Relationship(s): | Age(s): | Relationship(s): | Age(s): |

| Employment: | Debtor | Spouse |
|---|---|---|
| Occupation | MANAGEMENT | |
| Name of Employer | TASC BENECYST | |
| How Long Employed | 8YRS | |
| Address of Employer | | |

| INCOME: (Estimate of average or projected monthly income at time case filed) | DEBTOR | SPOUSE |
|---|---|---|
| 1. Monthly gross wages, salary, and commissions (Prorate if not paid monthly) | $7,249.99 | $0.00 |
| 2. Estimate monthly overtime | $0.00 | $0.00 |
| 3. SUBTOTAL | **$7,249.99** | **$0.00** |
| 4. LESS PAYROLL DEDUCTIONS | | |
| a. Payroll taxes (includes social security tax if b. is zero) | $1,253.55 | $0.00 |
| b. Social Security Tax | $406.75 | $0.00 |
| c. Medicare | $95.12 | $0.00 |
| d. Insurance | $169.74 | $0.00 |
| e. Union dues | $0.00 | $0.00 |
| f. Retirement | $0.00 | $0.00 |
| g. Other (Specify) LIFE | $26.04 | $0.00 |
| h. Other (Specify) 401K LOAN | $195.76 | $0.00 |
| i. Other (Specify) FSA | $225.68 | $0.00 |
| j. Other (Specify) | $0.00 | $0.00 |
| k. Other (Specify) | $0.00 | $0.00 |
| 5. SUBTOTAL OF PAYROLL DEDUCTIONS | **$2,372.64** | **$0.00** |
| 6. TOTAL NET MONTHLY TAKE HOME PAY | **$4,877.35** | **$0.00** |
| 7. Regular income from operation of business or profession or farm (Attach detailed stmt) | $0.00 | $0.00 |
| 8. Income from real property | $0.00 | $0.00 |
| 9. Interest and dividends | $0.00 | $0.00 |
| 10. Alimony, maintenance or support payments payable to the debtor for the debtor's use or that of dependents listed above | $0.00 | $0.00 |
| 11. Social security or government assistance (Specify): | $0.00 | $0.00 |
| 12. Pension or retirement income | $0.00 | $0.00 |
| 13. Other monthly income (Specify): | | |
| a. MONTHLY BONUS | $300.00 | $0.00 |
| b. ANNUALIZED BONUS | $302.00 | $0.00 |
| c. | $0.00 | $0.00 |
| 14. SUBTOTAL OF LINES 7 THROUGH 13 | **$602.00** | **$0.00** |
| 15. AVERAGE MONTHLY INCOME (Add amounts shown on lines 6 and 14) | **$5,479.35** | **$0.00** |
| 16. COMBINED AVERAGE MONTHLY INCOME: (Combine column totals from line 15) | **$5,479.35** | |

(Report also on Summary of Schedules and, if applicable, on Statistical Summary of Certain Liabilities and Related Data)

17. Describe any increase or decrease in income reasonably anticipated to occur within the year following the filing of this document:

B6J (Official Form 6J) (12/07)

IN RE: **MOLLY M GALLAGHER**  Case No. **13-45222**
(if known)

*AMENDED 1/31/2014*
## SCHEDULE J - CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S)

Complete this schedule by estimating the average or projected monthly expenses of the debtor and the debtor's family at time case filed. Prorate any payments made bi-weekly, quarterly, semi-annually, or annually to show monthly rate. The average monthly expenses calculated on this form may differ from the deductions from income allowed on Form 22A or 22C.

☐ Check this box if a joint petition is filed and debtor's spouse maintains a separate household. Complete a separate schedule of expenditures labeled "Spouse."

| Item | Amount |
|---|---|
| 1. Rent or home mortgage payment (include lot rented for mobile home) <br> a. Are real estate taxes included? ☑ Yes ☐ No <br> b. Is property insurance included? ☑ Yes ☐ No | $1,482.00 |
| 2. Utilities: a. Electricity and heating fuel | $285.00 |
| b. Water and sewer | $45.00 |
| c. Telephone | $77.00 |
| d. Other: CABLE,INTERNET,CELL | $270.00 |
| 3. Home maintenance (repairs and upkeep) | $50.00 |
| 4. Food | $260.00 |
| 5. Clothing | $200.00 |
| 6. Laundry and dry cleaning | $65.00 |
| 7. Medical and dental expenses | $600.00 |
| 8. Transportation (not including car payments) | $250.00 |
| 9. Recreation, clubs and entertainment, newspapers, magazines, etc. | $125.00 |
| 10. Charitable contributions | $25.00 |
| 11. Insurance (not deducted from wages or included in home mortgage payments) <br> a. Homeowner's or renter's | $34.43 |
| b. Life | |
| c. Health | |
| d. Auto | $111.53 |
| e. Other: | |
| 12. Taxes (not deducted from wages or included in home mortgage payments) <br> Specify: | |
| 13. Installment payments: (In chapter 11, 12, and 13 cases, do not list payments to be included in the plan) <br> a. Auto: | $498.38 |
| b. Other: | |
| c. Other: | |
| d. Other: HOA DUES | $418.22 |
| 14. Alimony, maintenance, and support paid to others: | |
| 15. Payments for support of add'l dependents not living at your home: | |
| 16. Regular expenses from operation of business, profession, or farm (attach detailed statement) | |
| 17.a. Other: See attached personal expenses | $557.00 |
| 17.b. Other: | |
| 18. AVERAGE MONTHLY EXPENSES (Total lines 1-17. Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.) | **$5,353.56** |
| 19. Describe any increase or decrease in expenditures reasonably anticipated to occur within the year following the filing of this document: **DEBTOR HAS LARGE MEDICAL BILLS** | |
| 20. STATEMENT OF MONTHLY NET INCOME <br> a. Average monthly income from Line 15 of Schedule I | $5,479.35 |
| b. Average monthly expenses from Line 18 above | $5,353.56 |
| c. Monthly net income (a. minus b.) | $125.79 |

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**
**MINNEAPOLIS DIVISION**

IN RE:   MOLLY M GALLAGHER                                CASE NO   13-45222

CHAPTER   13

*AMENDED 1/31/2014*
**EXHIBIT TO SCHEDULE J**

### Itemized Personal Expenses

| Expense | Amount |
|---|---|
| PET EXPENSES | $80.00 |
| PARKING | $125.00 |
| GROOMING | $60.00 |
| PROFESSIONAL DUES AND SUBSCRIPTIONS | $40.00 |
| POSTAGE | $5.00 |
| HEALTH CLUB | $105.00 |
| GLASSES/CONTACTS | $30.00 |
| PLATES, TABS AND LICENSES | $50.00 |
| PET INSURANCE | $62.00 |
| **Total >** | **$557.00** |

| CO. | FILE | DEPT. | CLOCK | VCHR. NO. |
|---|---|---|---|---|
| K7K | 001536 | 000021 | 0000040314 | 1 |



Earnings Statement



TASC
2302 INTERNATIONAL LANE
MADISON, WI 53704
COMPANY PH #:608-241-1900

Period Beginning: 01/05/2014
Period Ending: 01/18/2014
Pay Date: 01/24/2014

Taxable Marital Status: Single
Exemptions/Allowances:
  Federal: 4
  MN: 4

MOLLY GALLAGHER
720 N. 4TH STREET
#304
MINNEAPOLIS  MN  55401

| Earnings | rate | hours | this period | year to date |
|---|---|---|---|---|
| Regular | 3346.15 | 80.00 | 3,346.15 | 6,692.30 |
| Yearend Bonus | | | | 300.00 |
| **Gross Pay** | | | **$3,346.15** | 6,992.30 |

| Deductions | this period | year to date |
|---|---|---|
| **Statutory** | | |
| Federal Income Tax | -453.90 | 982.80 |
| Social Security Tax | -195.13 | 408.86 |
| Medicare Tax | -45.63 | 95.62 |
| MN State Income Tax | -156.80 | 334.75 |
| **Other** | | |
| Dental Premium | -9.27* | 18.54 |
| F S A Med Exp | -104.16* | 208.32 |
| Health Premium | -69.07* | 138.14 |
| Ltd Insur | -12.69* | 25.38 |
| Vision Premium | -3.69* | 7.38 |
| 401K Loan | -90.35 | 180.70 |
| **Net Pay** | **$2,205.46** | |
| Checking | -2,205.46 | |
| **Net Check** | **$0.00** | |

*2500* (handwritten)

* Excluded from federal taxable wages

Your federal taxable wages this period are $3,147.27

© 2000 ADP, Inc



TASC
2302 INTERNATIONAL LANE
MADISON , WI 53704
COMPANY PH #:608-241-1900

Advice number: 00000040314
Pay date: 01/24/2014

Deposited to the account of
MOLLY GALLAGHER

| account number | transit ABA | amount |
|---|---|---|
| xxxxxx5940 | xxxx xxxx | $2,205.46 |

THIS IS NOT A CHECK

VOID AFTER 180 DAYS

JPMorgan Chase Bank, N.A.

**NON-NEGOTIABLE**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

| In Re:<br><br>MOLLY M. GALLAGHER,<br><br>Debtor. | Case No.:   13-45222<br><br>Chapter 13 |
|---|---|

**DEBTORS' MEMORANDUM OF LAW**

**INTRODUCTION**

The Debtor filed this Chapter 13 proceeding on October 28, 2013. [Doc. 1]. She has proposed a 60-month plan, beginning at $126 per month for 41 months and thereafter (upon repayment of her 401k loan) at $319 per month for the remainder. Total payments of $11,227.00 will result in $10,104.30 (30% of $34,904.08 in unsecured debt) to the unsecured creditors. [Doc. 2]. The Chapter 13 Trustee on January 21, 2014, filed a motion objecting to confirmation. [Doc. 14]. This objection has been withdrawn. [Doc. 15]. On January 27, the Trustee filed a new motion objecting to confirmation. [Doc. 16]. Although the motion's title identifies it as including a motion to dismiss, dismissal is neither requested in the motion's wherefore clause nor argued for in the accompanying memorandum of law.

The Trustee's objection is that confirmation should be denied because the Debtor "is not devoting all of her projected disposable income during the 60-month applicable commitment period." As set forth in the Debtor's Response and on her Amended Schedules I and J, the Debtor has average projected monthly income of $5,479.35 and average projected monthly expenses of $5,353.56, leaving her with disposable income of

1

$126 per month.  The Debtor is working for a company in the process of merging with another company, and everyone's salaries are being revised.  The Debtor presumes that she will continue to receive $300 her monthly bonus check, and that amount is reflected in her amended Schedule I.  Her annual bonus has been cut out.  Instead, she was given a lump sum (2%) pay raise just before filing.  She believes that she will get the same amount each year, and she has annualized for that in her amended Schedule I.

When the Debtor filed her case, she was also working at a part time job, but she has not worked there since October 2013, since she was physically unable to continue doing so.  She no longer has that income.  The Debtor suffers severely from migraines, which has resulted in frequent hospitalizations and devastating medical expenses.  Due to provisions in the Affordable Care Act, she has had to reduce her Health Savings Account from $5000 a year to $2500.  She must pay for many of her medical expenses out of pocket without the tax break she previously received.

**ARGUMENT**

THE DEBTORS' PLAN PROPOSES TO PAY ALL OF HER "PROJECTED DISPOSABLE INCOME" TO UNSECURED CREDITORS, AS REQUIRED BY 11 U.S.C. §1325(b)(1).

The "best efforts" requirement (11 U.S.C. §1325(b)(1)) provides that a plan must pay all of the debtor's projected disposable income to unsecured creditors:

> (b)(1) If the trustee or the holder of an allowed unsecured claim objects to the confirmation of the plan, then the court may not approve the plan unless, as of the effective date of the plan —
>
> (A) the value of the property to be distributed under the plan on account of such claim is not less than the amount of such claim; or
>
> (B) the plan provides that all of the debtor's projected disposable income to be received in the applicable commitment period beginning on the date that the first payment is due under the plan will be applied to make payments to unsecured creditors under the plan.

To calculate disposable income, the Debtors are to deduct from monthly income amounts reasonably necessary to be expended for their maintenance and support [§1325(b)(2)]:

> (2) For purposes of this subsection, the term "disposable income" means current monthly income received by the debtor . . . less amounts reasonably necessary to be expended –
> (A)(I) for the maintenance or support of the debtor or a dependent of the debtor, or for a domestic support obligation, that first becomes payable after the date the petition is filed;

The Trustee concedes that the court is to apply the "forward-looking approach" to determining projected disposable income. [Mem., p. 5, citing *Hamilton v. Lansing*, 130 S.Ct. 2464 (2010)]. The Debtor's amended Schedules I and J are the best known information about the Debtor's future income and expenses, and those Schedules show that the Debtor's Plan proposes to commit all of her disposable income over the 60-month period.

The Trustee asserts that the means test shows higher disposable income. However, the means test is inapplicable as a projection of future income here. As set forth in the annexed Response, the Debtor's six-month look-back income is completely inaccurate with regard to her present and future circumstances. The Trustee also asserts that the Debtor's Schedule I income should be increased by the 2% pay raise (a substitute for the annual bonus) effected on October 18, 2013. However, that pay raise is reflected in the amended Schedule I, as are the other changes in her income. The fact is that the Debtor's plan does commit all of her disposable income over a 60-month period.

The Trustee makes no objections to the Debtor's expenses, and there is no basis to the Trustee's objections based on means test income. The Trustee makes no objection based on any other ground of objection in 11 U.S.C. §1325. The Debtor's plan should therefore be confirmed.

**CONCLUSION**

Based upon the arguments and authorities presented herein, the Trustee's motion should be denied and the Debtors' Plan should be confirmed.

Dated:   January 31, 2014

                                                                     Respectfully submitted,

                                                                     /s/ Barbara J. May
                                                                     Barbara J. May
                                                                     *Attorney for Debtor*
                                                                     2780 N. Snelling #102
                                                                     Roseville, MN  55113
                                                                     (651) 486-8887
                                                                     Attorney Reg. # 129689

Debtors herein, having reviewed the attached document, declare under penalty of perjury that their know the information contained herein to be true and correct to the best of their knowledge.

Dated: 1/24/14

_____
MOLLY M GALLAGHER

Dated:_____  _____

| | | |
|---|---|---|
| STATE OF MINNESOTA | ) | |
| | ) SS | Case No.: BKY 13-45222 |
| COUNTY OF RAMSEY | ) | |

Barbara J. May, being duly sworn upon oath, says that on the 31st day of January, 2014, she served via electronic

notification, the Response, amended I and F, current paystub and memoranda on:

U.S. Trustee  
1015 U.S. Courthouse  
300 South 4th Street  
Minneapolis, MN 55415

GREGORY BURRELL  
310 PLYMOUTH BULDING  
12 SOUTH SIXTH STREET  
MINNEAPOLIS, MINNESOTA 55415


   /e/ Barbara J. May

Barbara J. May